IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| LEO PATRICK COLLINS | § | |
| VS. | § | CIVIL ACTION NO. 5:14cv71 |
| UNITED STATES OF AMERICA | § | |

### MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Leo Patrick Collins, an inmate confined at the Federal Correctional Complex located in Forrest City, Arkansas, proceeding *pro se*, brought this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

The Court referred this matter to the Honorable Caroline M. Craven, United States Magistrate Judge, at Texarkana, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends the motion to vacate be denied.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Petitioner filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the Court concludes Petitioner's objections should be overruled.

First, Petitioner objects that appellate counsel was ineffective for failing to file an appeal regarding issues he wanted raised on appeal. Petitioner states appellate counsel told him his claims did not have merit. Petitioner claims he specifically requested appellate counsel to file a claim regarding the suppression hearing. Petitioner contends this amounted to the constructive denial of counsel on appeal. However, "[a] constructive denial of counsel occurs ... in only a very narrow spectrum of cases." *Woodard v. Collins*, 898 F.2d 1027, 1028-29 (5th Cir. 1990). The constructive denial of counsel on appeal occurs only when counsel's ineffectiveness is so egregious as to

effectively deny defendant any meaningful assistance at all. *See Jackson v. Johnson*, 150 F.3d 520, 524-25 (5th Cir. 1998), *cert. denied*, 526 U.S. 1041, 119 S.Ct. 1339, 143 L.Ed.2d 503 (1999).

Here, counsel's actions did not amount to the denial of meaningful assistance at all. Instead, counsel was accurately advising Petitioner his claims had no merit. Counsel filed a notice of appeal and an *Anders* brief. The Fifth Circuit Court of Appeals subsequently dismissed the appeal as frivolous. In its decision, the Fifth Circuit held that, after reviewing the record, there were no non-frivolous issues for appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967). *See United States v. Collins*, 513 F. App'x 403, 404 (5th Cir. 2013). Counsel's performance cannot be held to be ineffective for failing to argue frivolous claims. *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990). Accordingly, Petitioner's claim is without merit.

Next, Petitioner contends trial counsel was ineffective concerning his representation during the suppression proceedings. Petitioner claims counsel was deficient for failing to appeal the Magistrate Judge's Report and Recommendation regarding the denial of his motion to suppress, as Petitioner had requested. Petitioner claims the traffic stop was invalid because the officer did not have probable cause or reasonable suspicion of a violation and Petitioner did not voluntarily consent to the search of his vehicle. Petitioner asserts counsel, however, failed to object to either issue presented concerning the suppression hearing.

Counsel challenged the admissibility of the drugs, arguing that Petitioner's consent was involuntary because consent was given after he was in custody but before he was Mirandized. Counsel may not have proceeded in the manner preferred by Petitioner, but a review of the transcript from the suppression hearing reveals counsel proceeded in a reasonable manner and engaged in a meaningful adversarial testing of the admissibility of the evidence. As the Magistrate Judge determined, Petitioner has not shown counsel's representation fell below an objective standard of reasonableness. Moreover, Petitioner has failed to show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

Additionally, after the appointment of new counsel for Petitioner, another suppression hearing was scheduled for November 8, 2010.[1] Petitioner, however, pleaded guilty pursuant to a written plea agreement without proceeding to another suppression hearing. Thus, Petitioner has failed to show how he was prejudiced by counsel's alleged deficiencies at the first hearing. Accordingly, Petitioner has failed to show either deficient performance or prejudice related to his claim.

In his next objection, Petitioner contends appellate counsel was ineffective for failing to raise a claim that the government breached the plea agreement because the government "re-advocated" or "argued" for a new guideline level of 34 based on his career offender status instead of adhering to the "level 26 offense level which was agreed upon by both parties in the plea agreement contract."

"In determining whether the terms of the plea bargain have been violated, the court must determine whether the government's conduct is consistent with the parties' reasonable understanding of the agreement." *United States v. Wilder*, 15 F.3d 1292, 1295 (5th Cir. 1994) (quoting *United States v. Valencia*, 985 F.2d 758, 761 (5th Cir. 1993)). A review of the plea agreement shows that the parties only agreed on a base offense level of 26, a level at which the sentence calculation would begin. Additionally, the agreement makes clear that the possible reduction for acceptance of responsibility is subject to the recommendation of the United States Probation Office. The plea agreement also provides that the parties agree that other specific offense characteristics or guideline adjustments may increase or decrease the appropriate sentencing range. Thus, Petitioner's argument essentially that his offense level could only be reduced from level 26 does not reflect a reasonable understanding of the agreement. Accordingly, Petitioner has failed to show a breach of the plea

---

[1] Petitioner moved to dismiss counsel and have new counsel appointed following the suppression hearing. Petitioner asserted counsel was ineffective, and that but for counsel's unprofessional errors, the result of the suppression proceedings would have been different. Additionally, counsel filed a motion to withdraw stating the following: "The Defendant and counsel are in fundamental and unalterable disagreement over the conduct of the defense and the objectives that should be pursued in preparing and presenting the defense." After hearing argument by Petitioner and counsel on August 16, 2010, the court granted both motions. As a result, new counsel was appointed to represent Petitioner.

agreement occurred. As a result, Petitioner has failed to show appellate counsel's performance was deficient for failing to raise a meritless claim. Therefore, Petitioner's claim should be dismissed.

In his final two objections, Petitioner claims counsel provided ineffective assistance at sentencing by waiving Petitioner's objections regarding substantial assistance, and he argues the Magistrate Judge overlooked his unconstitutional motive claim concerning the reduction for substantial assistance. The Magistrate Judge, however, determined Petitioner had failed to show an unconstitutional motive.

A defendant who merely claims to have provided substantial assistance or who makes only generalized allegations of improper motive is not entitled to a remedy. *See Wade v. United States*, 504 U.S. 181, 185-186 (1992). In accordance with the terms of the plea agreement, a reduction for substantial assistance was discretionary and dependent upon a recommendation from the government. Further, Petitioner has failed to allege a constitutionally impermissible motivation on the part of the government. Accordingly, the objections are without merit.

For the reasons set forth above, Petitioner has failed to show either deficient performance or any resulting prejudice. Accordingly, Petitioner has not shown he was denied the effective assistance of counsel. Therefore, Petitioner's motion to vacate should be denied.

Furthermore, Petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve

the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, Petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the movant are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, Petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability shall not be issued.

Order

Accordingly, Petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

**SIGNED this 22nd day of February, 2016.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE